UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ABBAS ELCHEIKHALI, | ) | CASE NO. 4:09CV1588 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CCA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Abbas Elcheikhali filed this action under the Religious Freedom Restoration Act against "C.C.A. & the Warden, & the Chaplain N.E.O.C.C." In the complaint, Plaintiff alleges that Defendants are not providing him with a diet that offers Halal meats. He seeks $2,000,000.00.

**I. Background**

At the time the complaint was filed, Plaintiff was incarcerated in the Northeast Ohio Correctional Center ("NEOCC"), which is owned and operated by Corrections Corporation of American ("CCA"). Plaintiff alleges that he is a Muslim and that Muslim inmates requesting dietary accommodations are permitted to choose either a standard pork-free diet or a vegetarian diet. Plaintiff contends the pork-free diet serves non-halal beef and chicken and would not meet his

dietary needs. He claims the vegetarian diet would not give him proper nutrition. Based upon the above, Plaintiff claims that the institution has violated his religious rights.

**II. Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). For the reasons stated below, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

The Religious Freedom Restoration Act ("RFRA")[1] imposes strict scrutiny where the government "substantially burden[s] a person's exercise of religion, even if that burden results from a rule of general applicability[.]" 42 U.S.C. § 2000bb-1(a); *see Cutter v. Wilkinson,* 423 F.3d 579, 582 (6th Cir. 2005). Strict scrutiny, however, is only applied after a plaintiff makes an "initial showing" that the challenged policy "imposes a substantial burden on his religious exercise." *Hoevenaar v. Lazaroff,* 422 F.3d 366, 368 (6th Cir. 2005); *Weinberger v. Grimes,* 2009 WL 331632, at *5 (6th Cir. Feb.10, 2009). "To exceed the substantial burden threshold, government regulations must significantly inhibit or constrain conduct or expression that manifest some central tenet of the prisoner's beliefs, must meaningfully curtail a prisoner's ability to adhere to his faith, or must deny

---

[1] Although RFRA was declared unconstitutional as applied to the states, *see City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997), it remains good law as applied to the federal government. *Cutter v. Wilkinson*, 423 F.3d 579, 582 (6th Cir. 2005).

a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion." *Flick v. Leonard*, 81 F.3d 160, 1996 WL 153914, at *1 (6th Cir. Apr. 2, 1996) (citing *Werner v. McCotter,* 49 F.3d 1476, 1480 (10th Cir.)). Only after a substantial burden is found, does the burden of persuasion shift to prison administrators to show that the challenged policy furthers a "compelling governmental interest" and is the "least restrictive means" of doing so. *Weinberger, supra*, at *5.

Plaintiff fails to provide facts to reasonably suggest his ability to exercise his religion was substantially burdened. Muslims have various ways to practice their religion including a pork-free, vegetarian diet. *Benson v. Corrections Corporation of America*, 2009 WL 2461016, at *3 (N.D.Ohio Aug. 7, 2009)(citing *Williams v. Morton,* 343 F.3d 212, 219 (3rd Cir.2003)). Like *Benson* and *Williams*, this Court rejects Plaintiff's argument that the prison has substantially burdened his religious beliefs by failing to provide him a Halal diet *in its entirety*. For that matter, Plaintiff never alleges that the consumption of animal protein is "required", "mandatory" or "compulsory" to the Islamic faith. *See Weinberger, supra*, at *4-5.

Additionally, Plaintiff is provided with the alternate vegetarian diet; a reasonable alternative rationally related to legitimate penological interests in simplified food service, security and staying within the prison's budget. *See Williams,* 343 F.3d at 219; *Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 813-815 (8th Cir.2008); *Abdul-Malik v. Goord*, 1997 WL 83402 (S.D.N.Y. Feb. 27, 1997) (rejecting the argument that the "predominantly meatless Halal died offered" by the prison was nutritionally inadequate). Plaintiff's claim for violation of the RFRA, therefore, lacks merit.

3

## III. Conclusion

Elcheikhali's complaint is hereby DISMISSED pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


Date: <u>November 3, 2009</u>               <u>/s/ John R. Adams</u>
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.